IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTUS HEBREW EVANS, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-598-RGA |
| LEZLEY SEXTON, et al., | : |
| Defendants. | : |

Augustus Hebrew Evans, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 4, 2016
Wilmington, Delaware

*/s/ Richard G. Andrews*

**ANDREWS, U.S. District Judge:**

Plaintiff Augustus Hebrew Evans, Jr. an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 asserting constitutional violations and raising supplemental state claims. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint (D.I. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

Plaintiff alleges the following. Plaintiff was housed at the Howard R. Young Correctional Institution (also known as Gander Hill) in Wilmington, Delaware, from 2006 through 2008. On March 30, 2007, he was examined by Defendant Dr. Robert G. Thompson, who made recommendations for Plaintiff's mental health care. In April 2007, Plaintiff was seen by Defendant Dr. Debra Mozeralli, who prescribed Plaintiff psychotropic medication (*i.e.*, Risperdal). Plaintiff was transferred to the VCC on April 16, 2008, and seen by Dr. Anthony Canulli, who reordered the medication. Plaintiff had weight gain and his chest started to look funny after he began taking the medication. He was seen by Defendant mental health clinician Katie Sarahkingen, who told Plaintiff the changes had nothing to do with the medication and for him to work out and eat right. Plaintiff remained on the medication from April 2008 to July 25, 2013.

On June 14, 2014, Plaintiff learned that the drug he had been prescribed caused potentially dangerous side effects including gynecomastia. Plaintiff submitted a sick call slip and, when seen on June 19, 2014, was told by the nurse that he would have to see an endocrinologist and that his health issues were probably a side effect of the medication. Plaintiff was seen by Dr. Sylvia Desrosiers on several occasions. She

ordered lab testing and an MRI/CT scan. After Dr. Richard Lynch denied the scan, Dr. Desrosiers reordered it.

Plaintiff alleges that he was prescribed the medication at issue for an off label purpose, and that Defendants were deliberately indifferent to his mental health and medical needs. He further alleges that despite his long use of the medication, he has yet to be seen by a specialist and has not been properly diagnosed. Plaintiff seeks compensatory and punitive damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and

2

§ 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

### Personal Involvement

The caption of the Complaint names as defendants Jane/John Doe, Benard Addogoh, and Rhonda Montgomery. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The claims against the foregoing Defendants fail to include any of those elements. Plaintiff's Complaint fails to allege facts that, if proven, would show personal involvement by the Doe Defendants, Addogoh, or Montgomery under the liberal notice pleading standard of Rule 8(a). Nor does it meet the Third Circuit's standard for a legally adequate civil rights complaint.

Accordingly, the Court will dismiss the Doe Defendants, Addogoh, and Montgomery and the claims against them as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Statute of Limitations**

The Complaint alleges that Dr. Thompson conducted an examination of Plaintiff on March 30, 2007, and that Plaintiff was seen by Sarahkingen in 2008, who told Plaintiff to exercise and eat right. Plaintiff commenced this action in July 2016.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff complains of acts taken by Dr. Thompson and Sarahkingen occurring in 2007 and 2008, respectively, yet he did not file his Complaint until 2016. It is evident from the face of the Complaint that the claims against them are barred by the two year limitations period. Therefore, the Court will dismiss Dr. Thompson and Sarahkingen

5

and the claims against them as legally claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Medical Needs**

Plaintiff alleges that he was seen by Dr. Desrosiers on several occasions and that she ordered diagnostic testing to address Plaintiff's concerns. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The allegations against Dr. Desrosiers do not rise to the level of a constitutional violation. Rather, they indicate that she took steps to address Plaintiff's medical issues. Therefore, the Court will dismiss Dr. Desrosiers and the claims against her as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Doe Defendants, Addogoh, Montgomery, Dr. Thompson, Sarahkingen, and Dr. Desrosiers and the claims against them as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and

§ 1915A(b)(1); and (2) allow Plaintiff to proceed against Lezley Sexton, Christine Francis, Dr. Debra Mozeralli, Dr. Anthony Canulli, Dr. Richard Lynch, and Dr. Herman Ellis.

An appropriate order will be entered.