IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., :
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　:
v. : Civil Action No. 16-598-RGA
　　　　　　　　　　　　　　　　　:
LEZLEY SEXTON, et al., :
　　　　　　　　　　　　　　　　　:
　　　　Defendants. :

Augustus Hebrew Evans, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Roopa Sabesan, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants Lezley Sexton, Christine Francis, and Dr. Herman Ellis.

Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Counsel for Defendants Debra Muscarella and Dr. Anthony Cannulli.

**MEMORANDUM OPINION**

March 1, 2018
Wilmington, Delaware

*signature*
**ANDREWS, U.S. District Judge:**

Plaintiff Augustus Hebrew Evans, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 asserting constitutional violations and raising supplemental state claims. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court screened the Complaint on November 4, 2016, and identified cognizable and non-frivolous claims. (*See* D.I. 10). Before the Court are numerous motions filed by the parties including Plaintiff's motions to compel and motions for leave to file amended complaints, and Defendants' motions to dismiss and, in the alternative, motion for summary judgment. (D.I. 25, 28, 46, 48, 49, 51, 55, 58, 62).

## MOTIONS TO COMPEL

Plaintiff filed two motions to compel prison administrators to allow him reasonable access to controlled non-collect legal and other telephone calls associated with this case. (D.I. 25, 28) "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Almahdi v. Ridge*, 201 F. App'x 865, 869 n.2 (3d Cir. 2006) (quoting *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1563-64 (D. Kan. 1993)). An inmate's rights to communicate by telephone, even with legal counsel, is not unlimited. *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992). Prison officials can limit communications, particularly telephone communications, to ensure safety, security, and the orderly operations of their institution. *Griffin-El v. MCI Telecomm.*, 835 F. Supp. 1114, 1122-23 (E.D. Mo.1993), *aff'd*, 43 F.3d 1476 (8th Cir. 1994). Notably, courts have approved the

1

installation of collect-only telephone systems and, for non-legal calls, some degree of monitoring to control instances of inmate telephone fraud, harassment of crime victims, or disputes among inmates over telephone use. *See, e.g., Wooden v. Norris*, 637 F. Supp. 543 (M.D. Tenn. 1986).

Here, Plaintiff wants me to order VCC administrators to allow him to make telephone calls (legal and non-legal) during regular business hours to legal organizations, investigators, the Delaware Medical Board, and physicians. Plaintiff states that he wrote to prison officials regarding the issue "to no avail." Regardless, prison officials may limit telephone communications. In addition, Plaintiff has no entitlement to make non-collect calls. Plaintiff has the option of writing letters seeking the information he wishes to obtain. Therefore, Plaintiff's motions will be denied. (D.I. 25, 28).

## MOTIONS TO DISMISS AND MOTIONS TO AMEND

Defendant Dr. Anthony Cannuli moves to dismiss pursuant to Rule 12(b)(6). (D.I. 46). Plaintiff opposes and filed a motion for leave to file an amended complaint.[1] (D.I. 47, 48, 49). Dr. Cannulli then filed a motion to dismiss the amended complaint. (D.I. 51). Plaintiff followed by filing another motion to amend the complaint, and an opposition to Dr. Cannulli's motion to dismiss. (D.I. 55, 64).

Next, Defendant Deborah Muscarella filed a motion to dismiss the amended complaint or, in the alternative, motion for summary judgment. (D.I. 58). Plaintiff

---

[1] In his opposition to the motions to dismiss Plaintiff asks the Court to appoint and/or grant funds to hire an expert witness. The request is not considered at this time, and the Court notes that there is no authority for permitting the request.

2

opposes the motion and filed another motion to amend. (D.I. 61, 62). Defendants Lezley Sexton, Christine Francis, and Dr. Herman Ellis do not oppose Plaintiff's motion for leave to amend found at D.I. 62. (D.I. 66).

As discussed, in response to the motions to dismiss, Plaintiff filed motions for leave to amend to cure his pleading defects. (D.I. 49, 55, 62). Plaintiff included an amended complaint (found at D.I. 49) and a second amended complaint (found at D.I. 62). Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Accordingly, the motions to amend will be granted. The Second Amended Complaint (D.I. 62) will be the operative pleading.

The Court will dismiss as moot without prejudice to renew the motions to dismiss filed by Dr. Cannulli and Muscarella. (D.I. 46, 51, 58). Both Defendants seek dismissal on the grounds that Plaintiff's claims are time-barred.[2] Plaintiff indicated in the original Complaint and amendments that he discovered the side effects of Risperdal on June 14, 2014. The discovery rule tolls the statute of limitations until a plaintiff, exercising reasonable diligence, actually discovers his injury. *Lake v. Arnold*, 232 F.3d 360, 367 (3d Cir. 2000). Thereafter, Plaintiff sought to exhaust his administrative remedies. It appears that the claims are timely filed. The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust his administrative remedies prior to filing a civil rights lawsuit. The PLRA is a "statutory prohibition" that tolls the statute of limitations while a

---

[2] They also seek dismissal of the State medical negligence claim.

3

prisoner exhausts administrative remedies. *Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015); 42 U.S.C. § 1997e(a).

## SHOW CAUSE

On January 12, 2018, the Court entered a show cause order why Dr. Richard Lynch should not be dismissed as a defendant for failure to serve him pursuant to Fed. R. Civ. P. 4(m). (D.I. 60). Plaintiff concedes that all avenues to locate Dr. Lynch have been exhausted. (D.I. 65). Therefore, Defendant Dr. Lynch will be dismissed without prejudice.

## CONCLUSION

Based upon the above discussion, the Court will: (1) deny Plaintiff's motions to compel (D.I. 25, 28); (2) dismiss as moot with leave to renew Defendants' motions to dismiss (D.I. 46, 51, 58); (3) dismiss as moot Plaintiff's motion for an extension of time to file an amended complaint (D.I. 48); (4) grant Plaintiff's motions to amend (D.I. 49, 55, 62); (5) direct the Clerk of Court to file Plaintiff's proposed amended complaint (D.I. 49-2, 49-3, 49-4) and proposed second amended complaint (D.I. 62-1, 62-3, 62-4); and (6) dismiss Defendant Dr. Lynch. The Second Amended Complaint will be the operative pleading.

An appropriate Order will be entered.