IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., :
:
    Plaintiff, :
:
v. : Civil Action No. 16-598-RGA
:
LEZLEY SEXTON, et al., :
:
    Defendants. :

Augustus Hebrew Evans, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Roopa Sabesan, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants Lezley Sexton, Christine Francis, and Dr. Herman Ellis.

Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Counsel for Defendants Deborah Muscarella and Dr. Anthony Cannuli.

**MEMORANDUM OPINION**

May 18, 2018
Wilmington, Delaware

*signature*
**ANDREWS, U.S. District Judge:**

Plaintiff Augustus Hebrew Evans, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 asserting constitutional violations and raising supplemental state claims. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court screened the Complaint on November 4, 2016, and identified cognizable and non-frivolous claims. (*See* D.I. 10). Before the Court are three motions filed by Plaintiff: (1) Plaintiff's motion for funds to obtain an affidavit of merit and/or sworn certification in lieu of affidavit of merit, (2) Plaintiff's motion for appointment of counsel, and (3) Plaintiff's motion for default judgment as to Defendants Cannuli and Deborah Muscarella. (D.I. 78, 84, 97).

## REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he has "learn[ed] from [his] mistakes" and "realize[s] the benefit of counsel." (D.I. 78).[1] A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under

---

[1] I assume this is a reference to Plaintiff's case No. 14-1316, where I appointed him counsel, and he later chose to proceed *pro se*.

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

1

certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

I do not to date have any basis for concluding that Plaintiff's case has any arguable merit in fact. Assuming, however, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date.

(D.I. 78).[3] Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

## MOTION FOR DEFAULT JUDGMENT

On April 2, 2018, Plaintiff filed a motion for default judgment against Muscarella and Cannuli on the grounds that they did not respond to the second amended complaint. (D.I. 84). Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a).

Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *See, e.g.*, *Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459, (D.N.J. 2006), *aff'd in part*, 247 F. App'x 387 (3d Cir. 2007). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Here, there has been no entry of default. Moreover, Defendants have appeared and filed motions to dismiss the second amended complaint. Therefore, the Court will deny the motion for default judgment. (D.I. 84.)

---

[3] Plaintiff has considerable litigation experience, as the docket shows him to be a litigant in twenty-four cases, with ten of them having been filed since January 1, 2014.

**MOTION FOR FUNDS TO OBTAIN AFFIDAVIT OF MERIT, etc.**

Plaintiff seeks funds and/or an expert to perfect an affidavit of merit as is required under Delaware law which requires that when a party alleges medical negligence, he or she must produce an affidavit of merit with expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Foundation,* 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner,* 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853.

Plaintiff states that he is without the means to procure a professional expert opinion and, because of this, he has no adequate remedy to seek redress for gross negligence and breach of duty in the standard of care. He argues that he has taken steps showing substantial compliance with the statute and asks the Court to grant him funds for an expert or appoint an expert in this action.

Federal Rule of Evidence 706 provides that a District Court may "order the parties to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). A court-appointed expert is entitled to compensation either "from any funds that are provided by law" or, from "the parties in the proportion and at the time that the court directs -- and the compensation is then charged like other costs." Fed. R. Evid. 706(c).

As explained by the Third Circuit, "[w]e understand that some courts have held that Rule 706 can be used to appoint an expert for an indigent civil litigant and apportion the costs of such expert to the other side." *Born v. Monmouth Cnty. Correct. Inst.*, 458 F. App'x 193, 197-98 (3d Cir. 2012) (citing *Ledford v. Sullivan*, 105 F.3d 354, 360 (7th

4

Cir. 1997); *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991); *Webster v. Sowders*, 846 F.2d 1032, 1038-39 (6th Cir. 1988); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1058 (8th Cir. 1984)). However, the Third Circuit has never joined in these holdings. *Id.* (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (finding no statutory authority for courts to pay expert witness fees of indigent civil litigants; not mentioning Fed. R. Evid. 706)). In addition, were I to use Rule 706 to appoint an expert witness, the exercise of such authority is in my discretion. *Id.* at 198 (citing *Hannah v. United States*, 523 F.3d 597, 601 n. 2 (5th Cir. 2008); *Means*, 741 F.2d at 1059 (noting that litigants should be tasked with paying expert fees for their indigent opponents only in "compelling circumstances")).

After reviewing his filings, I have determined that Plaintiff has failed to make a sufficient showing to warrant funds for an expert or appointment of an expert witness. Therefore, the motion will be denied. (D.I. 87).

## CONCLUSION

Based upon the above discussion, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 78); (2) deny Plaintiff's motion for default judgment (D.I. 84); and (3) deny Plaintiff's motion for funds to obtain affidavit of merit and/or sworn certification in lieu of affidavit of merit (D.I. 87).

An appropriate Order will be entered.