IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., :
:
    Plaintiff, :
:
v. : Civil Action No. 16-598-RGA
:
LEZLEY SEXTON, et al., :
:
    Defendants. :

Augustus Hebrew Evans, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants Lezley Sexton, Christine Francis, and Dr. Herman Ellis.

Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Counsel for Defendants Deborah Muscarella and Dr. Anthony Cannuli.

**MEMORANDUM OPINION**

July 11, 2019
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Augustus Hebrew Evans, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 asserting constitutional violations and raising supplemental state claims. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Second Amended Complaint is the operative pleading. (D.I. 77). Before the Court are numerous motions filed by the parties, including motions to dismiss filed by Defendants Deborah Muscarella, a Mental Health Administrator, and Dr. Anthony Cannuli, and Plaintiff's renewed motion to appoint an expert or to authorize funds to hire same, requests for counsel, request for a scheduling conference, and request for depositions and subpoenas. (D.I. 79, 80, 101, 102, 103, 106, 107, 114).

## BACKGROUND

The Second Amended Complaint alleges that Plaintiff was housed at the Howard R. Young Correctional Institution (also known as Gander Hill) in Wilmington, Delaware, from 2006 through 2008. (D.I. 77 at 5). On March 30, 2007, he was examined by Dr. Robert G. Thompson, who made recommendations for Plaintiff's mental health care. (*Id.*). In April 2007, Plaintiff was seen by Muscarella who prescribed Plaintiff psychotropic medication (*i.e.*, Risperdal). (*Id.*). Plaintiff was transferred to the JTVCC on April 16, 2008, and seen by Dr. Cannuli who reordered the medication. (*Id.*). Plaintiff alleges he had weight gain and his chest started to look funny after he began taking the medication. (*Id.* at 6). Plaintiff was seen by a mental health clinician who told

Plaintiff the medication had nothing to do with the changes he was experiencing. (*Id.*). Plaintiff remained on the medication from April 2008 to July 25, 2013. (*Id.*).

On June 14, 2014, Plaintiff learned that Risperdal caused potentially dangerous side effects including gynecomastia, and he submitted a sick call slip. (*Id.*). When Plaintiff was seen by a nurse, he was told that he needed to see a specialist. (*Id.*). Plaintiff was seen by Dr. Sylvia Desrosiers on several occasions, and she ordered various medical tests. (*Id.*).

Plaintiff alleges that he was prescribed Risperdal for an off label purpose and that Defendants were deliberately indifferent to his mental health and medical needs. (*Id.* at 5-12). He further alleges that despite his long use of the medication, he has yet to be seen by a specialist and has not been properly diagnosed. (*Id.* at 8). In addition, Plaintiff alleges that Defendants failed to monitor and/or establish policies to monitor mental health staff and drugs prescribed to inmates. (*Id.* at 12). Finally, Plaintiff alleges that he suffered a "serious risk of substantial harm" while under the care of Defendants. (*Id.*). Plaintiff seeks compensatory and punitive damages.

Muscarella and Dr. Cannuli have both filed motions to dismiss. Muscarella moves for summary judgment in the alternative. The Court will deny without prejudice as premature the motion for summary judgment in the alternative. Both Defendants move to dismiss the medical negligence claims raised by Plaintiff. In addition, Muscarella moves to dismiss any claims raised against her that are based upon respondeat superior.

## MOTIONS TO DISMISS

**Legal Standards**. In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Medical Negligence**. Plaintiff states that his claims are not medical negligence claims or medical malpractice claims. To the extent Plaintiff attempts to raise medical negligence claims under Delaware law, the claims fail. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act, 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. If it was Plaintiff's intent to allege medical negligence, he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff did not do that. Therefore, the motions to dismiss the medical negligence claim filed by both Muscarella and Cannuli[1] will be granted. (D.I. 79, 80).

---

[1] The medical negligence claim is the only claim that Cannuli moved to dismiss.

4

**Respondeat Superior**.  Muscarella moves to dismiss those claims raised against her based upon her supervisory position.  As she notes in her motion to dismiss, in addition to the allegations that Muscarella directly prescribed Risperdal to Plaintiff, the Second Amended Complaint also alleges that Muscarella "had a duty to assure her staff was not dispensing psychotropic drugs for off-label uses in which the drug had neither been tested nor approved by the FDA." (D.I. 77 at ¶ 46).  The Second Amended Complaint also alleges that Muscarella "breached the duty of care owed to Plaintiff to assure the drugs he was being prescribed were safe for the intended purposes." (*Id.* at ¶ 48).

As is well known, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).  A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).  The requisite personal involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Liberally construing the allegations as the Court must, the allegations suffice to allege the personal direction and/or actual knowledge and acquiescence by Muscarella in the dispensing and administering the medication at issue given that the Second Amended Complaint indicates that Muscarella knew Plaintiff was prescribed Risperdal.  Accordingly, the Court will deny Muscarella's motion to dismiss based upon the theory of respondeat superior.  (D.I. 79).

## RENEWED MOTION TO APPOINT AN EXPERT OR FUNDS TO HIRE SAME

Plaintiff asks the Court to appoint an expert or grant the funds to hire an expert "to cure the absolute prejudice suffered in his ability to obtain expert services." (D.I. 101). Plaintiff contends that this case hinges upon the facts and somewhat complex matters of science and medicine as to the residual effects of Risperdal. (*Id.*). Plaintiff argues that compelling circumstances warrant granting his motion.

Federal Rule of Evidence 706 provides that a District Court may "order the parties to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). A court-appointed expert is entitled to compensation either "from any funds that are provided by law," or from "the parties in the proportion and at the time that the court directs -- and the compensation is then charged like other costs." Fed. R. Evid. 706(c).

As explained by the Third Circuit, "[w]e understand that some courts have held that Rule 706 can be used to appoint an expert for an indigent civil litigant and apportion the costs of such expert to the other side." *Born v. Monmouth Cty. Correct. Inst.*, 458 F. App'x 193, 197-98 (3d Cir. 2012) (citing *Ledford v. Sullivan*, 105 F.3d 354, 360 (7th Cir. 1997); *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991); *Webster v. Sowders*, 846 F.2d 1032, 1038-39 (6th Cir. 1988); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1058 (8th Cir. 1984)). However, the Third Circuit has never joined in these holdings. *Born*, 458 F. App'x at 198 (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) and describing it as "finding no statutory authority for courts to pay expert witness fees of

indigent civil litigants; not mentioning Fed. R. Evid. 706"). In addition, were I to use Rule 706 to appoint an expert witness, the exercise of such authority is in my discretion. *Born*, 458 F. App'x at 198 (citing *Hannah v. United States*, 523 F.3d 597, 601 n.2 (5th Cir. 2008); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984) (noting that litigants should be tasked with paying expert fees for their indigent opponents only in "compelling circumstances")).

After reviewing his filings, I again determine that Plaintiff has failed to make a sufficient showing to warrant funds for an expert or appointment of an expert witness. Therefore, the motion will be denied. (D.I. 101).

## REQUESTS FOR COUNSEL

Plaintiff renews his request for counsel. (D.I. 103, 114). Plaintiff asserts counsel is warranted because he has a newly established action against Defendant Dr. Herman Ellis by reason of a March 29, 2018 shoulder injury. (D.I. 103). Plaintiff attempts to tie this injury to the instant action. He also seeks counsel to overcome the obstacles he will encounter in prosecuting his case. (D.I. 114).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

7

by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's claims, I note that Plaintiff is a frequent litigator, has much experience, and has ably represented himself to date. When I previously obtained lawyers for Plaintiff in *Evans v. Johnson & Johnson*, Civ. No. 14-1316-RGA, after what the docket reflects was a rocky relationship, he eventually decided that he would proceed *pro se*. *Pro bono* lawyers are a scarce resource, and, at this point, early in this case, it would only disserve justice to attempt to obtain counsel

8

for Plaintiff. This case is not very advanced; a scheduling and discovery order has not yet been entered. Therefore, the Court will deny Plaintiff's requests for counsel without prejudice to renew. (D.I. 103, 114). Should the need for counsel arise later, when I can do more than assume arguable merit in fact and in law, one can be sought at that time.

## DISCOVERY

Plaintiff asks the Court to hold a scheduling conference "to enable him to pursue his case and damages." (D.I. 102). While not clear, Plaintiff seems to be requesting a scheduling and discovery order. The request will be denied. I will enter this order after all Defendants have answered the Second Amended Complaint.

Plaintiff asks the Court to allow Defendants' depositions in this case so that he may use their testimony as evidence for dispositive motions in another case he has filed in this Court, *Evans v. Johnson & Johnson*, Civ. No. 14-1316-RGA. (D.I. 106). In addition, Plaintiff asks the Court to issue subpoenas for Defendants in this action to appear and testify at a summary judgment hearing "in the intertwined case" of *Evans v. Johnson & Johnson*, Civ. No. 14-1316-RGA, and to respond to written deposition questions and interrogatories within twenty-one days. (D.I. 107). Defendants Lezley Sexton, Christine Francis, Herman Ellis, and Cannuli oppose the requests. (D.I. 112, 117).

Plaintiff's requests are, at minimum, premature, and will be denied. Unless otherwise ordered, discovery shall be conducted in each case, separately and apart from any other case Plaintiff has filed that is currently pending in this Court. The

Federal Rules of Civil Procedure do not contemplate parties conducting discovery in one case for use in another. Each case typically stands alone.

**CONCLUSION**

Based upon the above discussion, the Court will: (1) grant in part and deny in part Muscarella's motion to dismiss (D.I. 79); (2) deny without prejudice to renew as premature Muscarella's motion for summary judgment in the alternative (D.I. 79); (3) grant Cannuli's motion to dismiss (D.I. 80); (4) deny Plaintiff's renewed motion to appoint an expert or funds to hire same (D.I. 101); (5) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 103, 114); and (6) deny Plaintiff's discovery requests (D.I. 102, 106, 107).

An appropriate Order will be entered.