IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., :
:
    Plaintiff, :
:
v. : Civ. Action No. 16-598-RGA
:
LEZLEY SEXTON, et al., :
:
    Defendants. :

**MEMORANDUM ORDER**

At Wilmington this ___15___ day of November, 2019, having considered the pending motions (D.I. 126, 136, 137, 145),

IT IS ORDERED as follows:

1. **Request for Counsel.** Plaintiff's fourth request for counsel (D.I. 126) is **denied** without prejudice to renew for the reasons set forth in the Court's July 11, 2019 Memorandum and Order. (*See* D.I. 118, 119).

2. **Request for Alternative Dispute Resolution.** Plaintiff's request for alternative dispute resolution (D.I. 127) is **denied** without prejudice to renew upon request by all parties.

3. **Status Motion; Specific Inquiry.** Plaintiff has filed two letters regarding the status of his case. (D.I. 128, 139). One seems to seek reconsideration of the dismissal of his medical negligence claims that were dismissed in the Court's July 11, 2019 Memorandum and Order. (D.I. 128). To the extent that is his intent, the motion for reconsideration is **denied**. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's*

1

*Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of the July 11, 2019 Memorandum and Order.

4. Plaintiff also asks the Court to rule on a motion for summary judgment filed by Defendants Sexton, Francis, and Ellis. The Court has reviewed the Court docket and there is no pending motion for summary judgment filed by the foregoing Defendants. Plaintiff also inquires "as to the standing" of the case against the foregoing Defendants. The Clerk of Court is **directed** to provide Plaintiff with a copy of the court docket for his review.

5. Plaintiff's second letter complains of Court bias. (D.I. 139). Plaintiff states that he will seek my recusal if I do not address the issue of bias. To the extent Plaintiff seeks my recusal, his remedy is to file a proper motion. It is evident in reading Plaintiff's letter that he takes exception to rulings made by me and this serves as his basis to assert bias. However, a reasonable, well-informed observer could not believe that my rulings were based on impartiality, bias, or actual prejudice. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (the test is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned, not whether a judge actually harbors bias against a party).

6. **Additional Interrogatories and Requests for Admissions**. Plaintiff asks the Court to allow him to serve additional interrogatories; a minimum of 57. (D.I. 136). He also asks to serve 57 additional requests for admission upon each Defendant. (D.I. 137). Defendants Sexton, Francis, and Ellis oppose both requests.

(D.I. 143). Neither side provides (or directs me to where I may find) the thirty interrogatories Plaintiff has already propounded, which Defendants describe as "mostly unintelligible." I looked, and they are at D.I. 109. I would not describe them as "mostly unintelligible," or even close to that, but I do not understand why Plaintiff needs any more interrogatories. He is already over the Federal Rules limit. Plaintiff describes "prior experience of counsel wasting interrogatories and ability of Defendants to deny answering questions relevant to the case." It is not clear at all whether Plaintiff has already filed any requests for admission. The motion for additional interrogatories (D.I. 136), on the present record, is **denied.** The motion for "additional" admissions (D.I. 137) is **granted in part and denied in part**. Plaintiff will be allowed to propound a total of 20 requests for admission upon each defendant.

7. **Motion to Extend Discovery Schedule.** Plaintiff moves for an extension of all deadlines set forth in the July 26, 2019 scheduling and discovery order. (D.I. 145). The motion is **granted** in part. Defendants Cannuli and Muscarella do not oppose the extension of the discovery and dispositive motion deadlines and these deadlines will be extended. (D.I. 147). Plaintiff also seeks to propound additional interrogatories and requests for admission. This issue was discussed above at paragraph 6.

    A. **Discovery Cut Off**. All discovery (including expert report disclosures, if any) in this case shall be initiated so that it will be completed on or before **March 26, 2020**.

    B. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and

filed on or before **June 26, 2020**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

    C.    The pretrial conference and trial date will be set for a date to be determined.

_____
UNITED STATES DISTRICT JUDGE